## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21618-BLOOM/Elfenbein

SAUNDRA SMITH,

      Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
Corporation d/b/a NORWEGIAN
CRUISE LINES,

      Defendant.

_____/

### ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Norwegian Cruise Lines's Motion to Dismiss Plaintiff's Amended Complaint ("Motion"), ECF No. [25]. Plaintiff Saundra Smith filed a Response ("Response"), ECF No. [30], to which Defendant filed a Reply. ECF No. [31]. The Court has reviewed the Motion, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.      BACKGROUND

Plaintiff filed the instant action on April 8, 2025. ECF No. [1]. On August 27, 2025, Plaintiff filed an Amended Complaint, asserting claims of Negligent Inspection and Maintenance of Gangway-Direct Liability (Count I); Negligent Failure to Warn-Direct Liability (Count II); Negligent Inspection and Maintenance of Gangway-Vicarious Liability (Count III); Negligent Failure to Warn-Vicarious Liability (Count IV); and Negligent Failure to Provide Reasonably

Required Assistance to Passengers with Special Needs-Vicarious Liability (Count V). ECF No. [23]. The following facts are taken from the Amended Complaint.

On October 20, 2024, Plaintiff was a fare-paying passenger aboard the BREAKAWAY. ECF No. [23] ¶ 11. While onboard the BREAKAWAY, Plaintiff was using a wheelchair to assist with her mobility. *Id.* On October 20, 2024, Plaintiff was disembarking the BREAKAWAY using a carpeted gangway, while being pushed in a wheelchair by her son. *Id.* ¶ 12. The wheelchair was proceeding down the carpeted gangway until it reached the area connecting the carpeted gangway to a carpeted transition ramp. *Id.* The connecting point between the gangway and transition ramp was misleveled or excessively sloped, so that when Plaintiff's wheelchair reached the connection point, its wheels were caught on the misleveled area, Plaintiff's son lost control of the wheelchair, the wheelchair tipped, and Plaintiff fell. *Id.* Due to Plaintiff's being seated in the wheelchair and Plaintiff's son walking behind the wheelchair to push it, neither Plaintiff nor her son could observe the misleveled or excessively sloped area before the wheelchair reached it and tipped, so the dangerous condition posed by the misleveled area was neither known nor obvious to Plaintiff or to reasonable passengers in the position of Plaintiff. *Id.* As a result of the fall, Plaintiff sustained a fractured tibia and fibula, suffered pain, disfigurement, disability, and the inability to lead a normal life. *Id.* ¶ 13. She also incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries.

Defendant filed the instant Motion arguing the Amended Complaint should be dismissed because (1) Counts I and II fail to sufficiently allege notice; (2) Plaintiff brings a negligent mode of operation claim, which is not a recognized cause of action under maritime law; (3) Count I is an impermissible shotgun pleading; and (4) Plaintiff has failed to state a claim with regard to Counts III, IV, and V, her vicarious liability counts. ECF No. [25]. Plaintiff responds (1) she has

alleged notice; (2) she does not bring a negligent mode of operation claim; (3) Count I is not a

shotgun pleading; and (4) she has properly stated a claim under theories of vicarious liability. ECF

No. [30]. In Reply, Defendant affirms that the Complaint should be dismissed for the reasons stated

in in the Motion. ECF No. [31].

## II.    LEGAL STANDARD

### A.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual

allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

*see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard

"demands   more   than   an   unadorned,   the-defendant-unlawfully-harmed-me   accusation").

Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations

must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must

be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's

allegations as true and evaluate all plausible inferences derived from those facts in favor of the

plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe*

*of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002);

*AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009)

("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

## B. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro,* 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

## C. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *White v. Carnival Corporation*, No. 25-cv-20925, 2025 WL 1865127, at *2 (S.D. Fla. July 7, 2025) (quoting *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). "Shotgun pleadings . . . exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's

parajudicial personnel and resources." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

The Eleventh Circuit has identified four types of shotgun pleadings, all of which "fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. The last type of shotgun pleading commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

## III.    DISCUSSION

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at

1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720. However, unlike a direct liability claim, the Eleventh Circuit has held that for vicarious liability, "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021).

### A. Counts I and II – Notice

Regarding Counts I and II, Plaintiff alleges that Defendant had "actual and/or constructive notice of repeated safety issues giving rise to a propensity for falls due to improperly installed, assembled, inspected or maintained transition ramps and/or gangways on similar areas on the BREAKAWAY and other similar vessels in the BREAKAWAY's class, as well as fleetwide, from prior incidents[.]" ECF No. [23] ¶¶ 16, 22. Plaintiff lists four separate incidents:

a. On June 12, 2024, cruise passenger, M. K. was injured while moving between a tender and a gangway on the M/S PRIDE OF AMERICA, when her foot was trapped between the tender and the gangway, causing her to suffer extreme injuries.

b. On November 29, 2022, cruise passenger M.M. was injured while traversing between a tender and a gangway on the M/S BLISS when he stepped in a gap between the tender and the gangway, causing him to fall, thereby suffering injuries.

c. On December 13, 2018, passenger S.K. was embarking the BREAKAWAY, the same vessel on which Plaintiff in the present action was a passenger, using a gangway. S.K., while boarding the BREAKAWAY via the gangway, tripped on a misleveled section of the gangway and fell, just as Plaintiff in the present action fell due to being unable to navigate safely a misleveled section of the gangway. *See Klemond v. NCL (Bahamas), Ltd.*, S.D. Fla. Case No. 1:20-cv-20145-MGC.

d. On July 26, 2024, passenger S.L. was boarding the NCL ENCORE via a gangway, when she lost her footing on an excessively sloped section of the

gangway and fell. *See Litz v. NCL (Bahamas) Ltd.*, S.D. Fla. Case 1:25-
cv23300-JB.

> *Id.* at 5-6, 9-10.

Defendant argues that these allegations are insufficient because "Plaintiff fails to allege
any facts showing that any of the prior incidents occurred on the same or a similar gangway, or
under substantially similar circumstances to Plaintiff's alleged incident." ECF No. [25] at 7-8.
Specifically, Defendant notes that "[t]he only incident that allegedly occurred on the subject ship
occurred . . . nearly six years prior to Plaintiff's alleged incident." *Id.* at 8. Defendant argues that,
"[n]otwithstanding the remoteness of the alleged prior incident, Plaintiff still fails to plead any
facts establishing that the prior incident was substantially similar to Plaintiff's alleged incident,
such as the type of gangway involved or the location of the ship." *Id.* at 8-9. In Response, Plaintiff
argues that "the 'substantial similarity doctrine does not require identical circumstances, and
allows for some play in the joints depending on the scenario presented and the desired use of the
evidence.'" ECF No. [30] at 7 (quoting *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th
Cir. 2015)). The doctrine only requires that the prior and current incidents be "'similar enough to
allow the jury to draw a reasonable inference' that the cruise line should have foreseen the litigated
incident." *Id.* (quoting *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *4 (11th
Cir. Apr. 25, 2022)).

As the Eleventh Circuit stated in *Brady v. Carnival Corporation*, in which the dangerous
condition was a puddle, "the salient issue is whether Carnival knew, more generally, that the area
of the deck where Brady fell had a reasonable tendency to become slippery—and thus dangerous
to passengers—due to wetness from the pool." 33 F.4th 1278, 1281 (11th Cir. 2022). Plaintiff
notes that, here, "[t]wo of the prior incidents alleged deal with passengers whose feet were trapped
between a gangway and another object," and that the two other incidents "dealt with passengers

losing their footing on misleveled or excessively sloped portions of a gangway, just as the wheels of [Plaintiff's] wheelchair were caught on a misleveled or excessively sloped portion of the gangway." ECF No. [30] at 8. The existence of "[t]hese prior incidents reveal a reasonable tendency for passengers to be unable to navigate excessively sloped or misleveled portions of a gangway, whether the passenger is proceeding by foot or in a wheelchair." *Id.*

Defendant replies that by alleging only "the date of each incident, the vessel, and a brief description that the incidents occurred on gangways . . . Plaintiff fails to allege any facts showing that any of the prior incidents occurred on the same or a similar gangway, or under substantially similar circumstances to Plaintiff's alleged incident." ECF No. [31] at 2. Defendant states that Plaintiff's argument amounts to an assertion that "notice should be imputed to [Defendant] based on the generalized fact that prior incidents have occurred on gangways in the past regardless of location or the circumstances." *Id.*

"[A] plaintiff can establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)). This Court has previously stated that a "conclusory allegation of prior incidents" where the plaintiff "fail[s] to state how those incidents place Defendant on notice[,]" are insufficient to establish constructive notice. *Peavy v. Carnival Corporation*, 673 F. Supp. 3d 1286, 1293 (S.D. Fla. 2023). Defendant is correct that "barebones and boilerplate allegations as to alleged prior incidents" would be insufficient to establish notice. ECF No. [25] at 9. However, that is not the case here. Unlike in *Peavy* and *Edelman v. MSC Cruises, S.A.*, in which this Court found a lack of constructive notice where a complaint "offers *no* facts or descriptive details that would shine a

light on whether those incidents are indeed substantially similar to the circumstances in Plaintiff's instant case[,]" Plaintiff has provided sufficient detail as to allege the existence of substantially similar incidents. No. 24-cv-23060, 2025 WL 240840, at *6 (S.D. Fla. Jan. 17, 2025). For each substantially similar incident alleged, Plaintiff includes the date of the incident, a description of the events that transpired, the name of the vessel on which the incident occurred, and the area on the vessel on which the individual was injured. *See* ECF No. [23] at 5-6, 9-10. Furthermore, one of the prior incidents was aboard "the same vessel on which Plaintiff . . . was a passenger[.]" *Id.* at 6. To the extent Defendant argues that those incidents did not involve "the use of a wheelchair on gangways" or were "'too remote' for purposes of establishing notice[,]" the argument addresses the strength of the evidence, not whether Plaintiff has adequately alleged notice. ECF No. [25] at 8-9. As this Court has previously held, "whether the alleged incidents are in fact substantially similar as to give notice is an issue of fact, which the Court need not resolve at the dismissal stage." *Lopez v. Carnival Corp.,* No. 22-cv-21308, 2022 WL 4598657, at *3 (S.D. Fla. Sept. 30, 2022). Therefore, Counts I and II sufficiently allege that Defendant was on notice of the dangerous condition.

### B. Count I – Shotgun Pleading and Negligent Mode of Operation

Regarding Count I, Plaintiff alleges that Defendant was negligent by:

a. Failing to repair or otherwise correct the unsafe condition created by the misleveled or excessively sloped area between the gangway and the transition ramp prior to allowing passengers to board the vessel;

b. Failing properly to install, assemble, inspect and maintain the gangway and transition ramp to provide a safe and secure connection for passenger use;

c. Failing to implement and enforce proper maintenance protocols and safety procedures designed to prevent misleveling or excessive sloping between the gangway and the transition ramp;

d. Failing to provide crewmember assistance to the Plaintiff and her son while Plaintiff's son was pushing Plaintiff in her wheelchair down the gangway;

    e.  Failing to conduct timely and adequate inspections of the subject gangway to identify and correct any dangerously misleveled or excessively sloped areas between the gangway and the transition plate; and

    f.  Failing to provide alternative reasonably safe means of ingress onto or egress from the vessel.

ECF No. [23] at 7.

Defendant argues that those allegations constitute "[six] alleged breaches by [Defendant], many of which are distinct theories of liability." ECF No. [25] at 12. Specifically, the allegations that Defendant "failed 'to provide crewmember assistance to the Plaintiff and her son while Plaintiff's son was pushing Plaintiff in her wheelchair down the gangway[]' and failed 'to provide alternative reasonably safe means of ingress onto or egress from the vessel[,]'" are unrelated "to the rest of the alleged breaches within Count I, which relate to the inspection and maintenance of the subject gangway." *Id.* (quoting ECF No. [23] ¶ 18). Plaintiff argues that all six alleged breaches "deal with types of negligent maintenance of the gangway[.]" ECF No. [30] at 6. Plaintiff points out that the allegation regarding the failure to provide crewmember assistance "would be one method of ameliorating the defects in the gangway" that Defendant "should have detected and hence also constitut[e] an aspect of maintenance." *Id.* at 6-7. Additionally, the "failure to provide reasonably safe means of egress from the vessel" speaks to "the goal of proper maintenance." *Id.* at 6. In Reply, Defendant argues that "providing crewmember assistance is in no way related to the maintenance of the gangway." ECF No. [31] at 6. Defendant further points out that the Amended Complaint, in fact, alleges that Defendant "'fail[ed] to provide **alternative** reasonably safe means of ingress onto or egress from the vessel[,]' . . . meaning it does not even involve the subject gangway, let alone maintenance of the subject gangway." *Id.* at 6-7 (quoting ECF No. [23] at 7). Indeed, these allegations represent distinct theories of negligence. *See Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1373 (S.D. Fla. Feb. 24, 2025) ("Plaintiffs may not 'cram multiple,

distinct theories of liability into one claim' because each theory 'is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.'") (quoting *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020)).

Defendant also argues that Count I contains improper allegations advancing a theory of negligent mode of operation, which is "not a cognizable claim under federal admiralty law." ECF No. [25] at 9-10. Plaintiff responds that the allegation "clearly addresses a failure to 'implement' maintenance policies at the material time, not merely a failure to promulgate adequate policies." ECF No. [30] at 5. Defendant replies that "Plaintiff cannot state a cause of action based on allegations that [Defendant] was negligent for purportedly not having adequate policies and procedures in place." ECF No. [31] at 6.

"A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business." *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 910 (11th Cir. 2017). Such a claim "looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." *Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015). However, "[n]o court has ever held that [a negligent mode of operation] claim exists in federal admiralty law." *Malley*, 713 F. App'x at 910.

Plaintiff's allegation that Defendant "fail[ed] to implement and enforce proper maintenance protocols and safety procedures designed to prevent misleveling or excessive sloping between the gangway and the transition ramp[,]" ECF No. [23] at 18, "describ[es] a failure to create or follow adequate policies and procedures" which does not "relate to the specific circumstances of [Plaintiff's] injury" and is therefore based on an improper theory of negligent mode of operation. *Nowak v. Carnival Corp.*, No. 24-cv-24316, 2025 WL 57525, at *3 (S.D. Fla.

Jan. 9, 2025). Because Count I comingles multiple theories of liability, one of which is an impermissible negligent mode of operation claim, Count I is dismissed.

### C. Counts III, IV, and V – Vicarious Liability

Defendant argues that Counts III, IV, and V, Plaintiff's vicarious liability claims, should be dismissed with prejudice because they "are nothing more than disguised claims sounding in direct liability seeking to circumvent the notice requirements for premises liability claims." ECF No. [25] at 15-16. Defendant urges that, although the Eleventh Circuit in *Yusko v. NCL (Bahamas), Ltd.* held that a passenger "was not required to prove the cruise line had prior notice of [the] risk-creating condition . . . to establish liability since her claims were for vicarious liability for the actions of [a] dance instructor, not direct negligence of the cruise line[,]" the instant action "is a premises liability case at its core, requiring notice[.]" ECF No. [25] at 13 (citing *Yusko*, 4 F.4th at 1169-70). Plaintiff responds that "the more recent post-*Yusko* authority makes it clear that the Eleventh Circuit meant what it said: an injured passenger may raise alternative claims for the cruise line's direct liability, including claims of negligent maintenance and negligent failure to warn[.]" ECF No. [30] at 2 (citing *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1310 (S.D. Fla. 2022)). Defendant replies that in the cases in which the court permitted vicarious liability claims to proceed based on a failure to maintain and failure to warn to proceed, "the plaintiffs' injuries were the result of the alleged negligence of a specific crewmember." ECF No. [31] at 9.

This Court has previously found that, although "plaintiffs are unable to reframe their negligent failure to maintain claims as a vicarious liability claim to work around the notice requirement, the holding in *Yusko* does not foreclose a plaintiff from simultaneously bringing a direct liability and vicarious liability claim against a shipowner for its employees' and its own negligent maintenance or negligent failure to warn." *Riffle v. Carnival Corp.*, No. 25-cv-20355,

12

2025 WL 1158107, at *4 (S.D. Fla. Apr. 21, 2025) (citing *e.g., Green v. Carnival*, 614 F. Supp. 3d 1257, 1266-67 (S.D. Fla. 2022)). Instead, *Yusko* simply clarifies that a plaintiff may not assert a vicarious liability claim in order to avoid the notice requirement of a direct liability claim by alleging that a non-specific group of employees negligently caused the plaintiff's injuries. *See Davis v. Carnival Corp.*, No. 22-cv-24109, 2023 WL 5955700, at *3-4 (S.D. Fla. July 31, 2023). Therefore, so long as Plaintiff has sufficiently identified a negligent employee acting within the scope of his or her employment, the vicarious liability claim will survive dismissal. *See Green*, 614 F. Supp. 3d at 1267; *Mathis v. Classica Cruise Operator Ltd. Inc.*, No. 23-cv-81479, 2024 WL 1430508, at *4, n. 2 (S.D. Fla. Apr. 1, 2024).

Defendant argues that in cases such as *Hunter*, in which the vicarious liability claim survived a motion to dismiss, "the plaintiffs' injuries were the result of the alleged negligence of a specific crewmember." ECF No. [31] at 9. However, Plaintiff does not dispute that the Amended Complaint "must identify the crewmembers whose negligence has caused or contributed to the passenger's injury" and that "[i]dentification must presumably be sufficient to enable the cruise line to identify the responsible crewmember[s] . . . from its records, but need not include the name or official title of the crewmembers." ECF No. [30] at 4 (citing *e.g. Elardi v. Royal Caribbean Cruises, Ltd.*, No. 19-cv-25035, 2021 WL 7367291, at *5 (S.D. Fla. Dec. 2, 2021)). As this Court has previously stated, it "is unaware of any legal authority that requires the plaintiff to allege the names of the employees who were negligent at this stage of the proceedings." *Green*, 614 F. Supp. 3d at 1267. Unlike in *Holland v. Carnival Corp.*, in which the Eleventh Circuit stated that nothing "other than the claims' titles and the conclusory allegation asserting that Carnival was vicariously liable . . . would lead one to understand his claims as seeking to impose liability on an otherwise nonfaulty Carnival for an employee's negligence[,]" Plaintiff here identified the allegedly

negligent employees. 50 F.4th 1088, 1094 (11th Cir. 2022). For each of the vicarious liability counts, Plaintiff identified the "NCL crewmembers onboard the BREAKAWAY who were responsible for supervising the passenger disembarkation process" as negligent. ECF No. [23] ¶¶ 26, 31, 37. Because Plaintiff is the "master of . . . her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both[,]" the Motion is denied as to Counts III, IV, and V. *Yusko*, 4 F.4th at 1170.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion, **ECF No. [25],** is **GRANTED in part and DENIED in part**.

2.  **Count I** of the Complaint is **DISMISSED**.

3.  Defendant shall file an Answer to Counts II, III, IV, and V no later than **January 2, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2025.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

14